ENTERED OCT 2 9 2014

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-41

6/2/2014
KEN-DHM - 06-02-14

DOUGLAS WATTS,

Petitioner

v.

**ORDER**

DEPARTMENT OF MARINE
RESOURCES et al.,

Respondents

Before the court is a petition pursuant to M.R. Civ. P. 80B and 80C seeking review of a decision of the Commissioners of Department of Marine Resources and the Department of Inland Fisheries and Wildlife. Petitioner alleges that in February of 2012 he and two other parties asked the defendant "Fisheries Commissioners" to initiate an adjudicatory fishway proceeding at the Gardiner Paperboard Dam on Cobbosseecontee Stream in Gardiner, Maine, pursuant to the Maine Fishway Law, 12 M.R.S. § 12760. The Petitioner asserts that "the Commissioner's decision is dispositive to all relevant legal and factual issues and the Petitioner has no other recourse, appeal or review provided within the agency."

Citing 12 M.R.S. § 12760(4), Initiation of Fishway Proceedings, Petitioner argues the Commissioner's obligation to initiate proceedings to consider construction, repair, or alteration of fishways in existing dams whenever the Commissioners determine that fish passage will improve access to sufficient and suitable habitat or is necessary to protect rare, threatened or endangered fish species. The Petitioner argues that the plain language of subsection 4(A) mandates the Commissioner to consider "suitable habitat anywhere in the watershed." The petitioner goes on to assert that the Federal

relicensing process at the upper stream dam has begun and [1]the Commissioner's interpretation of the fishway law defeats its legislative purpose

On July 6, 2012, the Commissioner of the Department of Inland Fisheries and Wildlife, referencing 12 M.R.S. § 12760, Gardiner Paperboard Dam, advised the Petitioner that fish passage at the dam "will not result in a substantial commercial or recreational fishery for anadromous fish species based on passage ordered at this site." The Commissioner noted that fish passage or passage agreements do not exist at any of the dams above the dam in question, including a dam licensed by the Federal Energy Regulatory Commission. The Commissioner further opines that "the amount of habitat between the first and second impoundments is not sufficient to support significant populations of commercial or recreational fish species." Referring to the draft Fishery Management Plan relied upon by the Petitioner, the Commissioner concludes that "there is no evidence presented in the Draft Fishery Management Plan that construction of the fishway to Gardiner Paperboard Dam is necessary to protect or enhance rare, threatened or endangered fish species."

Petitioner asks the court to vacate the Commissioner's interpretation of section 4(A) of 12 M.R.S. § 12760 as arbitrary, capricious, and opposite the plain language of statute. Petitioner further asks the court to order the Commissioner of the Department of Inland Fisheries and Wildlife and the Department of Marine Resources to initiate an adjudicatory fishway proceeding on the Gardiner Paperboard Dam pursuant to 12 M.R.S.A. § 12760(5) within thirty days.

Citing 12 M.R.S. § 6721, the Respondents argue that the Commissioners have the discretionary authority to require a fishway to be erected in Maine waters. The

---

[1] . The fishway law does not require a "standing" order for fishways of upstream dams.

2

Respondents argue that they declined to order the fishway based on their determination that the circumstances did not warrant the initiation of a fishway proceeding based upon the facts known to them at the time. Noting the language cited by the Petitioner that under the fishway law the Commissioners are required to initiate proceedings, the Respondents emphasize that the provision goes on to state that this mandate is "whenever the Commissioner determines" that certain conditions exist. They argue that in the case at hand, the Commissioners did not find, as a matter of fact, that either condition existed. Commissioners noted that fish passage at the dam in question would not result in a substantial commercial or recreation fishery because there is no fish passage at any of the dams upstream of the Gardiner Paperboard Dam, and most importantly, the American Tissue Hydropower Project, which is the next dam in line, is not required to have fish passage. Further, the Commissioners found as a matter of fact that the limited amount of available habitat between the dams is not sufficient to support significant populations of commercial or recreational fish. Further, they note that the Department of Marine Resources Draft Fishery Management Plan for the Cobbosseecontee Stream (December 2002), did not identify this small section of the stream as a significant spawning or nursery area.

The Respondents' cite facts supporting their decision to conclude that the species of native anadromous fish utilizing the small habitat area on that stretch of the river would not provide significant spawning or rearing habitat for the species known to utilize that body of water. Further, the Respondents note that the upstream dam is a hydroelectric dam licensed by the Federal Energy Regulatory Commission which has a license that does not include any requirements for the construction of fish passage. Finally, Respondents argue that they correctly interpreted and applied 12 M.R.S. § 6121(3) and 12760(4).

3

The scope of review required of this court is whether the agency abused its discretion, committed an error of law, or made findings not supported by substantial evidence on the record. The burden of proof rests on the Petitioner. If the agency exercised reasonable discretion, the Petitioner has the burden of proving abuse of that discretion in reaching its decision. The agency is entitled to great deference in its interpretation of a statute administered by it and must be upheld unless the statute plainly compels a contrary result. Finally, the court may overturn a finding of fact by an administrative agency only upon a showing that the findings were unsupported by substantial evidence on the whole record. The court may not substitute its own judgment for that of the agency merely because the evidence would give rise to more than one result. The court must also give deference to the expertise of the agencies in question.

Citing legislative history and permissive language of the existing statute, the Law Court in *Dumont v. Spears*, 245 A.2d 151 (Me. 1968), determined that the delegation by the legislature of discretionary power to the Commissioner of Inland Fisheries and Game to determine expediency of a fishway in a given dam was not an invalid delegation of legislative power and that the statute was permissive, not mandatory, as to the Commissioner. There is nothing in the present statutory framework to require the Commissioners to order a fishway if the fact-finding operation by the Commissioner does not form a basis for the requirement. The court finds no evidence that the agency has not made proper findings of fact or misinterpreted its statutory authority.

Accordingly, the entry will be:

Relief requested in the petition for judicial review is DENIED.

DATED: JUNE 2, 2014

Donald H. Marden
Justice, Superior Court

4